# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF PENNSYLVANIA

----------------------------------------

HILDA L. SOLIS, SECRETARY OF LABOR, :
UNITED STATES DEPARTMENT OF LABOR,
: CIVIL ACTION NO.
        Plaintiff,             11-00976-GLL
:
   v.
:

JOHN LOUIS ROBERTS, MARA SCANLON :
ROBERTS and STERLING PRINTING and
GRAPHICS, INC. :

        Defendants. :
----------------------------------------

## CONSENT JUDGMENT

Plaintiff, Secretary of Labor, United States Department of Labor ("Plaintiff" or "the Secretary"), has filed a Complaint in this action pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.* The Secretary's Complaint alleges that the Defendants John Louis Roberts ("John Roberts"), Mara Scanlon Roberts ("Mara Roberts"), and Sterling Printing and Graphics ("Sterling Printing") (collectively, "the Defendants"), violated Section 403, 404 and 406 of ERISA, 29 U.S.C. §§ 1103, 1104, and 1106. Additionally, the Complaint alleges that Defendants are also liable under Section 405 of ERISA, 29 U.S.C. § 1105, as co-fiduciaries.

Plaintiff, through counsel, has engaged in settlement discussions with Defendants' counsel. The parties have agreed to resolve the claims without further litigation. The Defendants consent to the entry of this Consent Order and Judgment against them by this Court.

1

The Secretary has agreed to resolve all the claims in the Complaint against Defendants for the equitable relief set forth below.

A. Defendants admit that this Court has subject matter jurisdiction over this action pursuant to ERISA § 502(e)(1), 29 U.S.C. § 1132(e)(1); that venue of this action lies in the Western District of Pennsylvania pursuant to ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2); and that this Court has personal jurisdiction over them for all purposes relevant to this matter, including the entry of this Consent Judgment.

B. The parties understand and agree that this Consent Judgment is without prejudice to the Secretary's right to investigate and redress violations of ERISA, if any, not alleged in the complaint, including the Secretary's right to institute future enforcement actions with respect to any matter. This paragraph shall not constitute a waiver by the Defendants of any defenses, legal or equitable, to any such future action.

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1. The Court has jurisdiction to enter this Consent Judgment.

2. Defendants are removed as fiduciaries of the SP 401(k) Plan ("the Plan") and enjoined from exercising any custody, control or decision-making authority over the Plan.

3. Louis F. LiBrandi, O'Connor, Davis, Munns & Dobbins, 60 East 42nd St., 36th Floor, New York, New York, is appointed Independent Fiduciary by the Court to administer the Plan.

4. The Independent Fiduciary shall have and shall exercise full authority and control with respect to the management or disposition of the assets of the Plan.

5. The Independent Fiduciary shall be compensated by the Plan in accordance with

the bid submitted as Exhibit A attached to this Consent Judgment.

6. Defendants John Roberts, Mara Roberts and Sterling Printing shall turn over the assets of the Plan and all documentation related to the Plan to the Independent Fiduciary.

7. All Defendants, their agents, employees, service providers, banks, accountants, and attorneys, including but not limited to TransAmerica Retirement Services, Inc., shall cooperate with the Independent Fiduciary in the transfer of the administration of the Plan to the Independent Fiduciary; shall provide the Independent Fiduciary with all books, documents, and records relating to the finances and administration of the Plan; and shall make an accounting to the Independent Fiduciary of all transfers, payments, or expenses incurred or paid in connection with the Plan.

8. The Defendants are permanently enjoined from all future violations of Title I of ERISA, as amended.

9. The Defendants are specifically enjoined from serving as administrators, fiduciaries, officers, trustees, counsel, agents, lawyers, providers of goods or services, consultants, representatives or employees of, or serving in any capacity that involves decision making authority or custody or control of, the monies, funds, or assets of any employee benefits plan covered by Title I of ERISA.

10. Defendants John Roberts and Mara Roberts shall pay two thousand dollars ($2,000) to the Plan, in care of the Independent Fiduciary, within twenty days of the entry of this Consent Judgment.

11. The Defendants hereby waive all claims of any nature that they may have against Louis F. LiBrandi or O'Connor, Davis, Munns & Dobbins, in their capacity as Independent Fiduciary or receiver, and the Office of the Independent Fiduciary, in this action.

12. Following payment of restitution, Defendants agree to pay any penalty assessed by the Department of Labor ("DOL") pursuant to ERISA § 502(l), 29 U.S.C. § 1132(l), except to the extent they seek and are granted a waiver as a result of financial hardship pursuant to ERISA § 502(l)(3)(A) or (B) in the Secretary's sole discretion, and the Defendants agree to waive any other defenses or appeals if any such financial hardship waiver is denied or if they fail to seek said waiver within the time set forth in the assessment letter; and this document or a copy thereof can be used as evidence of their waiver of further defenses or appeals pursuant to ERISA § 502(l).

13. This Consent Order and Judgment shall operate as a final disposition of all claims asserted by the Secretary against Defendants in the Complaint.

14. This Consent Judgment is binding on the parties as to the allegations in the Secretary of Labor's Complaint but shall not be binding on any federal, state, or local governmental or prosecutorial agency other than the U.S. Department of Labor.

15. This Consent Judgment does not affect the Secretary of Labor's right to pursue any and all available remedies and claims against any person not a party to this Consent Judgment and specifically does not affect the Secretary's or Independent Fiduciary's claims against other parties.

16. Each party agrees to bear its own attorneys' fees, costs and other expenses incurred by such party in connection with any stages of the above-referenced proceeding including, but not limited to, attorney's fees and costs which may be available under the Equal Access to Justice Act, as amended.

17. This Court retains jurisdiction of this action for purposes of enforcing compliance with the terms of this Judgment.

18. The Court directs the entry of this Consent Judgment as a final order.

Date: 2/17/12

/s/ Gary L. Lancaster
Gary L. Lancaster, C.J.
Chief United States District Judge

Consents to the entry of this Judgment:

| Attorney for Defendants | Attorneys for Plaintiff |
|---|---|
| /s/Michael P. O'Day, Sr. | M. Patricia Smith |
| Michael P. O'Day, Sr. | Solicitor of Labor |
| Attorney for Defendants | |
| John Louis Roberts, | Catherine Oliver Murphy |
| Mara Scanlon Roberts and | Regional Solicitor |
| Sterling Printing and Graphics, Inc. | |
| | /s/ Linda M. Henry |
| | Linda M. Henry |
| | Attorney |
| | U.S. DEPARTMENT OF LABOR |
| | |
| | David J. Hickton |
| | United States Attorney |
| | |
| | By: /s/Albert W. Schollaert |
| | Albert W. Schollaert |
| | Assistant United States Attorney |

5